No. 3.—John W. Fletcher Adm'r. *et al.* plaintiffs in error, *vs.* Peter Faust, *et al.* defendants in error.

[1.] Sureties, against whom an administrator on the estate of a deceased distributee, and the guardian of another distributee have instituted suits, are entitled to discovery of the amount that each of the distributees has received in any manner from the estate.

[2.] The answer that neither the administrator nor the guardian has received any thing, and they did not believe said distributees had, is not sufficient.

In Equity, in Sumter Superior Court. Decision by Judge Allen, at March Term, 1857.

This was a bill filed by Jesse Hardy, Peter Faust, and Andrew J. Williams, complainants against John W. Fletcher, Sterling Glover and others.

The bill sets forth that one Eason Smith was appointed administrator of Noah Golding, deceased, and that complainants with one James K. Daniel, since dead, became his sureties. That at the time, Smith and Daniel were partners in merchandizing; that Smith sold the estate of his intestate Golding, converted all the assets into money; paid oft portions to some of the distributees, and loaned the firm of Smith & Daniel about two thousand dollars. That about 18 , Daniel died, leaving a large estate and a will, and appointed Sarah H. Daniel, Executrix. That Smith has also departed this life, intestate, and insolvent, and Griffin Smith has been appointed administrator of his estate.

The bill further charges, that three suits at law have been commenced, and are now pending against complainants as sureties of Smith, on the administration bond, by the heirs of Golding, and that they are subject to many more actions on said bond, there being about sixteen distributees of Golding's estate. That some of these distributees were fully or partially paid off by the administrator in his life-time, and the vouchers, receipts, and papers that would show the payments and settlements, are in the hands of Griffin Smith, his administrator.

The bill prays that the actions at law be enjoined; that an account be taken of the estate of Golding, and the payments made by the administrator to the distributees; that the executrix of Daniel may set forth what amount of the estate was loaned to or carried into the firm of Smith & Daniel, and that the same be accounted for, and that Griffin Smith, the administrator of Eason Smith, do account for and set forth the value of that estate, and that the same be applied in discharge of Eason Smith's liability to the heirs of Noah Golding, in preference to any other claims or demands, and in aid and relief of complainants.

Fletcher, adm'r, et al. vs. Faust et al.

John W. Fletcher the administrator of Delila A. Golding, deceased, one of the heirs at law of Noah Golding, and Sterling Glover, guardian of one of the infant heirs at law, and both of whom had commenced their actions at law against complainants on said administration bond, filed their joint and several answer to the bill. They admit the facts alleged in the bill, as to the death of Noah Golding; the appointment of Eason Smith as administrator, and complainants and Daniel suretyship to his bond; the death of Smith and Daniel, as charged in the bill, and that they have commenced suits on said administration bond. But they deny that the parties they represent have ever received any part of their share or interest in said estate of Noah Golding; nor do they know what amounts have been paid to the other distributees. They know nothing of the sum loaned or advanced to Smith & Daniel, nor does such fact, if true, at all affect complainant's liability to them; and having answered fully, and sworn off all the Equity of said bill, they pray a dissolution of the injunction. And further, they demur to said bill for want of Equity, and pray that the same be dismissed.

After argument, the Court refused the motion to dissolve the injunction and to dismiss the bill, as to defendants Fletcher and Glover; and they, by their counsel, except.

SCARBOROUGH and WARREN, for plaintiffs in error.

McCoy & HAWKINS, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The bill filed in this case is demurred to for the want of Equity, or what is the same thing, the motion to dissolve the injunction, is based partly on the allegation that there is no Equity in the bill. The parties moving in this case represent, the one as administrator and the other as guardian, heirs at law of intestate. There is no complaint in the bill that

there is any difficulty about Golding's estate, except difficulties growing out of the misconduct of his administrator. That the administrator has loaned a part of the money of his intestate to a partnership of which he was a member is no ground for arresting suits by the heirs at law. That may be the gravamen in their case. Charges of that and the like character constitute no ground of Equity.

Nor is there any necessity for, or right in the complainants to enjoin the suits of these defendants, on the ground, that there are vouchers in the hands of their principal's administrator, that they cannot technically describe so as to have them produced at the trial. There is no necessity for a technical description of the papers to have them produced. A very general description will be effectual to compel their production. That is a matter, however, with which these defendants have nothing to do. But there is a charge that each of the distributees has received a portion of the said estate, but how much and at what times, the complainant's cannot establish without resorting to the consciences of each of them. The complainants are entitled to this discovery at least, and that is sufficient to require the Court to hold up the bill. The parties move to dismiss the bill on the additional ground, that they had answered, and all the Equity in the bill was sworn off. Many of the charges in the bill are admitted to be true; but none of these present any Equity. The charge on account of which we think the injunction should be retained, has not been satisfactorily answered. John W. Fletcher's denial is, as to himself, that he has never, as administrator, received one cent of his intestate's share. This is positive. He says further, that he does not believe that his intestate did, for she died an infant under twenty-one years of age. The same remarks may be made in respect to Sterling Glover's answer. The intestate of Fletcher and the ward of Glover, must have been supported from their father's estate, and, to that extent, must have received something. But the ground on which we hold up the injunction

is, that they cannot know what the intestate and ward had received, or, if they can and do, ¦the answer is not made in a manner to entitle them to a dissolution of the injunction.

Judgment affirmed.